**You Gan LIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 07–4050–ag.**

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

John Chang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Mark C. Walters, Assistant Director, Jeffrey R. Meyer, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present PIERRE N. LEVAL, ROSEMARY S. POOLER, and RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

You Gan Lin, a native and citizen of China, seeks review of a September 10, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Lin, You Gan,* No. A73 577 789 (B.I.A. Sept. 10, 2007)(per curiam). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ We lack jurisdiction to review Lin's challenges to the BIA's "entirely discretionary" determination not to exercise its sua sponte authority to reopen his proceedings. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006). Therefore, we dismiss the petition for review to that extent. *See id.* However, we review for abuse of discretion the BIA's denial of Lin's motion to reopen as untimely and based on his failure to meet his "heavy burden" of showing that reopening was warranted, *see Matter of Coelho*, 20 I. & N. Dec. 464, 472 (BIA 1992). *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005).

In the absence of a statutory or regulatory mechanism permitting a motion to reopen for adjustment of status based on a marriage entered into after removal proceedings have commenced, the BIA has held that such a motion may be granted where: (1) the motion is timely filed; (2) the motion is not numerically barred; (3) the motion is not barred on procedural grounds, in particular for failure to depart during the voluntary departure period; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the applicant's marriage is bona fide; and (5) the DHS does not oppose the motion. *See Matter of Velarde–Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002). Here, it is undisputed that Lin's motion to reopen was untimely,[1] and the BIA appears to have denied it on that basis alone. We recently held in *Melnitsenko v. Mukasey*, 517 F.3d 42 (2d Cir.2008) that the BIA "exceed[s] its allowable discretion" by treating as dispositive the fifth *Velarde–Pacheco* factor, that is, in denying a motion

to reopen based "solely on the fact that the DHS opposed the motion." *Id.* at 51. We further emphasized that the BIA must "provide sufficient explanation for its decisions in order to provide this Court a meaningful opportunity to review those decisions." *Id.* at 51–52.

■ However, we conclude here that the BIA properly denied Lin's motion to reopen based on its untimeliness. *See Matter of Velarde–Pacheco*, 23 I. & N. Dec. at 256. Our holding in *Melnitsenko* was based on the problematic nature of the fifth *Velarde–Pacheco* factor. *See Melnitsenko*, 517 F.3d at 50–52 (observing that if the fifth factor was dispositive, "the DHS, an adversarial party in the proceeding, [could] unilaterally block a motion to reopen for any or no reason" and that this would be "contrary to the purpose of the [congressional] amendment identified by the BIA" in *Matter of Velarde–Pacheco* ). We have never expressed any such concerns about the timeliness factor of *Velarde–Pacheco*, and, thus, we do not find that the BIA abused its discretion in denying Lin's motion to reopen based on its untimeliness.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, we dismiss Lin's motion for a stay as moot.

---

1. With limited exceptions, a party may file only one motion to reopen removal proceedings, and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later. 8 C.F.R. § 1003.2(c)(2). Here, the IJ issued his final order of removal in April 1999 and Lin did not file the instant motion to reopen until October 2006. Accordingly, the BIA properly found that Lin's motion was untimely. 8 C.F.R. § 1003.2(c)(2).